IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROCKWOOD CASUALTY INSURANCE COMPANY,**
**Petitioner Below, Petitioner**

**FILED**
**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-329**          (Case No. 25-IC-179552)

**ALLEN L. MCVEY, INSURANCE COMMISSIONER**
**OF THE STATE OF WEST VIRGINIA,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Rockwood Casualty Insurance Company ("Rockwood") appeals the April 23, 2025, order of the West Virginia Office of the Insurance Commissioner. Respondent Allen L. McVey, Insurance Commissioner of the State of West Virginia ("OIC") filed a response.[1] Rockwood did not reply. The issue on appeal is whether the OIC erred in finding that Rockwood failed to timely comply with the August 12, 2024, order of the Workers' Compensation Board of Review ("Board"), and ordering Rockwood to pay a $2,000 fine.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the OIC's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On August 12, 2024, the Workers' Compensation Board of Review ("Board") issued an order in the underlying workers' compensation claim, which ordered Rockwood to issue payment of fatal dependents' benefits to the decedent claimant's dependent(s). Rockwood timely filed a motion for stay and that motion was refused by this Court on September 19, 2024. Rockwood filed a "motion for reconsideration"[2] of this Court's refusal of the stay, which was refused by this Court on October 7, 2024.

---

[1] Rockwood is represented by T. Jonathan Cook, Esq. OIC is represented by Jeffrey C. Black, Esq., and Andrew S. Ryan, Esq.

[2] We note that there is no authority indicating that a "motion for a reconsideration" of an appellate court's refusal of a stay is a legitimate remedy available to petitioners, despite Rockwood's apparent insistence to the contrary.

1

Counsel for the dependent claimant in the underlying workers' compensation claim filed with the OIC a petition alleging that Rockwood failed to timely comply with the Board's decision. On February 28, 2025, the Board issued a report to the OIC finding that Rockwood did fail to timely comply with the Board's August 12, 2024, order in violation of West Virginia Code of State Rules § 85-1-10.7. (2009). Based upon the Board's report, the OIC found that Rockwood did fail to timely comply with the Board's August 12, 2024, order and issued Rockwood a $2,000 fine. Rockwood now appeals that fine.

Our standard of review is as follows:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 60-7-13a(d) (2013) (specifying that West Virginia Code § 29A-5-4 applies to appellate review of a Commissioner's decision).

Rockwood argues that the Board's August 12, 2024, order granting dependent benefits was not "final" until this Court refused the motion for reconsideration of the stay on October 7, 2024, and the payment was issued to the claimant dependent within 15 days of that "final ruling." We disagree.

West Virginia Code 23-5-9a(g) (2022) provides that:

The decision of the Workers' Compensation Board of Review regarding any objections to a decision of the Insurance Commissioner, private carrier, or self-insured employer, whichever is applicable, is **final**, and benefits **shall** be paid or denied in accordance with the decision, unless an order staying the payment of benefits is specifically entered by a court with appellate jurisdiction over the decision . . . If the decision is subsequently appealed and

2

reversed in accordance with the procedures set forth in this article, and any overpayment of benefits occurs as a result of the reversal, the overpayment may be recovered pursuant to the provisions of § 23-4-1c(h) or § 23-4-1d(d) of this code, as applicable.

West Virginia Code of State Rules § 85-1-10.7. provides that:

A responsible party shall comply with all orders of the . . . Board of Review . . . **within thirty (30) days after the date of receipt**, unless the responsible party is required to act sooner under the terms of the order or mandate or the order or mandate is subject to a lawfully ordered stay.

Here, the OIC determined that Rockwood failed to timely comply with the Board's August 12, 2024, order. In the Board's report to the OIC, it was noted that the Board's order in the underlying workers' compensation claim was dated August 12, 2024, and that Rockwood did not release the funds to the claimant until October 23, 2024.

Upon review, we conclude that the OIC did not err in finding that Rockwood failed to timely comply with the Board's August 12, 2024, order. It is clear that the Board's order was issued on August 12, 2024, and Rockwood did not release the funds to the claimant dependent until October 23, 2024. We find no merit in Rockwood's arguments. We find, in accordance with West Virginia Code 23-5-9a(g), that the Board's order was final at the time it was issued and received by Rockwood. We further find that a pending motion for stay does not absolve an insurance company from the duty to timely pay benefits as ordered. In fact, a stay motion does not affect a claim in any way unless and until such stay is granted.

Accordingly, we affirm the OIC's April 23, 2025, order.

Affirmed.


**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White